[802 NYS2d 380]

In the Matter of CHRISTOPHER A. BANGS (Admitted as CHRISTOPHER ANTHONY BANGS), an Attorney, Resignor.

Second Department, October 24, 2005

### APPEARANCES OF COUNSEL

*Deborah A. Scalise*, Scarsdale, for resignor.

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Christopher A. Bangs has submitted an affidavit dated April

15, 2005, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Bangs was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 19, 1996, under the name Christopher Anthony Bangs.

Mr. Bangs avers that his resignation is made voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission, including the fact that he is barred by Judiciary Law § 90 and the applicable Court rules from seeking reinstatement for at least seven years. Mr. Bangs is aware of a pending investigation by the Grievance Committee into allegations of professional misconduct, including two sua sponte complaints initiated pursuant to 22 NYCRR 1300.1, based upon dishonored checks issued against his attorney trust account.

Mr. Bangs acknowledges that he is the subject of a further investigation regarding a complaint filed by Maureen Kloek alleging, inter alia, that he failed to promptly pay certain sums held by him in escrow in connection with a refinance.

Mr. Bangs concedes his inability to successfully defend himself on the merits against charges predicated upon the aforesaid allegations.

Mr. Bangs is aware that the Court, in any order permitting him to resign, could require that he make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Bangs further recognizes that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the proffered resignation as it is in the best interest of the public.

Inasmuch as Mr. Bangs's resignation comports with all applicable Court rules, it is accepted and, effective immediately, Christopher A. Bangs, admitted as Christopher Anthony Bangs, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and MASTRO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Christopher A. Bangs, admitted as Christopher

Anthony Bangs, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Christopher A. Bangs, admitted as Christopher Anthony Bangs, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Christopher A. Bangs, admitted as Christopher Anthony Bangs, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Christopher A. Bangs, admitted as Christopher Anthony Bangs, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).